MATHEWS, Justice.
This is an appeal from a final judgment in a replevin action.
Although the suit is between the appellant and appellee, other individuals are concerned. J. C. Cox purchased the new automobile in question from McGriff. W. E. Dowling was a used car dealer and was the person who obtained a conditional sales contract in blank from Cox. The form for the conditional sales contract was furnished to Dowling by the Commercial Credit Corporation. It was the standard form. Before the contract was executed or completed, about February 23, 1952, Dowling assigned the same to the Commercial Credit Corporation. On March 1st, the contract between Dowling and Cox was filled out.
McGriff was the only dealer in new Pon-tiacs in Starke and this fact was known to Commercial Credit Corporation. On March 1st, McGriff sold the. Pontiac to Cox and received some checks in payment therefor. On March 3rd, title application for the new car was signed by McGriff and Cox and was then- delivered to Cox. It showed no liens on the automobile. Thereafter, the *53 application was delivered to the Motor Vehicle Commissioner’s office in Starke. Dowling never had possession of, nor the title to, the aittomobile in question.
A few days after delivery of the checks above mentioned from Cox to McGriff, the checks “bounced.” Thereafter, McGriff received from the Commercial Credit Corporation a letter requesting credit information on Cox. McGriff immediately replied to Commercial Credit Corporation, by telephone, not to proceed with any transaction involving 'Cox. He was thereupon informed by Commercial Credit Corporation that a transaction had already been concluded. McGriff then immediately obtained possession of the automobile from Cox and a paper relinquishing possession of the car and his rights therein.
The Commercial Credit Corporation had actual knowledge that the car in question was a new car and it had received the conditional sales contract and the assignment thereof from Dowling who was a used car dealer. It knew, or could have known by the exercise of reasonable diligence, that the application for a title certificate showed a sale from McGriff to Cox with no liens. It knew that the conditional sales contract was irregular. All of these facts were sufficient to put the Commercial Credit Corporation on notice and did actually put it on notice that something was wrong with this situation. The Commercial Credit Corporation actually made an inquiry to McGriff, the authorized new car dealer, for credit information about Cox, but before obtaining the results of such credit inquiry, it proceeded to do business with Dowling by accepting an assignment of the retain title contract from Dowling. Dowling never owned the car and never had possession of the car.
The Commercial Credit Corporation is in no position to complain. The sources of information were available to it. It either had actual knowledge, or in the exercise of ordinary care could have obtained actual knowledge, of the details of this transaction. The “red flag” was up and, certainly, the Commercial Credit Corporation was put upon notice and inquiry. The fact that it made inquiry, but, for some reason satisfactory to it, failed to await the results of the inquiry before completing an irregular transaction with Dowling is no excuse.
The final decree, among other things, contains the following:
“5. The said retain title contract is not a negotiable instrument under the Florida law, so the plaintiff, as assignee thereof, must stand in the shoes of Dowling, the assignor. Under the circumstances stated, Dowling, of course, cannot proceed either against Cox or the defendant. (152 A.L.R. 1222)”
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.